**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Stribling, ) | No. CV 10-2139-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Concord Village, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant's Renewed Motion to Dismiss (dkt. 31), which has been converted to a motion for summary judgment (dkt. 30, 33), Plaintiff's Motion to Withdraw Complaint (dkt. 32), and Plaintiff's Motion to Amend Amended Complaint (dkt. 34), which was filed in response to Defendant's Motion to Dismiss. For the reasons that follow, the Court will dismiss this action with prejudice.

**I.   BACKGROUND**

On or about March 8, 2010, Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). (Dkt. 31-9, Ex. I.) In the EEOC charge, Plaintiff alleged that he had been discriminated against on the basis of race and age in connection with his application for an assistant maintenance technician position. (*Id.*) In response to the EEOC charge, Defendant informed the EEOC (and Plaintiff) that Plaintiff applied for a position with Dunlap & Magee Property Management

Inc. ("Dunlap & Magee"), and that Plaintiff would have been an employee of Dunlap & Magee, not of Concord Village, Inc. (Dkt. 31-8, Ex. H.) Plaintiff did not amend his EEOC charge to name Dunlap & Magee as his prospective employer.

On October 6, 2010, pro se Plaintiff filed a complaint in federal district court against "Concord Village." (Dkt. 1.) Defendant moved to dismiss on the grounds that "Concord Village" was not a jural entity under Arizona law, that Plaintiff failed to join a necessary party, and that Plaintiff failed to state a claim against Defendant. (Dkt. 8.) Shortly thereafter, Plaintiff filed a motion to amend the complaint to name "Concord Village, Inc." as defendant. (Dkt. 9, 12 & 14.) In response to Plaintiff's first motion to amend, Defendant renewed its motion to dismiss on the ground that Plaintiff failed to join a necessary party. (Dkt. 13.) The Court granted Plaintiff's motion to amend the complaint (dkt. 16), and Plaintiff subsequently filed the Amended Complaint naming "Concord Village, Inc." as the only defendant (dkt. 16). Dunlap & Magee, who manages the Concord Village apartments, answered the Amended Complaint, and denied that Concord Village, Inc. was a proper party to this action. (Dkt. 17 at ¶¶ 17–18.)

Throughout Defendant's proposed case management plan (dkt. 21-1), and during the Rule 16 scheduling conference on April 11, 2011 (dkt. 22), Defendant's counsel informed Plaintiff and the Court that Plaintiff named the wrong defendant. Defendant explained that Dunlap & Magee was the employer with whom Plaintiff applied for the assistant maintenance technician position. (Dkt. 31 at p. 4.) Pursuant to the Court's Rule 16 Scheduling Order, Plaintiff had until April 29, 2011, to file a motion to amend the complaint. (Dkt. 23.) Plaintiff did not timely file that motion.

Defendant requested the Court's leave to file a renewed motion to dismiss with exhibits. (Dkt. 28.) The Court granted Defendant's motion, and permitted Defendant to file two motions for summary judgment. (Dkt. 30.) Defendant's "first" motion for summary judgment (*i.e.*, the Renewed Motion to Dismiss with exhibits) was filed on June 23, 2011. (Dkt. 31.) The Court converted the Renewed Motion to Dismiss to a motion for summary judgment, and instructed Plaintiff to respond in accordance with Rule 56 of the Federal Rules

1  of Civil Procedure.

2  One day after Defendant's Renewed Motion to Dismiss was filed, Plaintiff filed
3  Motion to Withdraw Complaint. (Dkt. 32.) However, two weeks later, Plaintiff filed a
4  response to Defendant's Renewed Motion to Dismiss. (Dkt. 34.) In the response, Plaintiff
5  moved for leave to amend the Amended Complaint to name Dunlap & Magee as a co-
6  defendant. (*Id.* at p. 3.) Plaintiff's request for leave to amend seems to reverse his attempt
7  to withdraw his complaint. In Defendant's reply to the Renewed Motion to Dismiss,
8  Defendant also argues the Court should deny Plaintiff leave to amend the Amended
9  Complaint.

10  **II.   ANALYSIS**

11  Defendant has renewed its motion to dismiss this action, and in response, Plaintiff
12  filed a Motion to Amend the Amended Complaint. The Court will address each of these
13  motions separately.

14  **A.   Defendant's Renewed Motion to Dismiss**

15  Defendant moves to dismiss this action, pursuant to Rules 12(b)(2), (6) and (7) of the
16  Federal Rules of Civil Procedure, on the grounds that Defendant is not liable for the hiring
17  decisions of Dunlap & Magee, and Plaintiff failed to name the actual employer against whom
18  Plaintiff is complaining discriminated against him. (Dkt. 31.) Plaintiff does not deny that
19  Dunlap & Magee was involved in Plaintiff's employment application process; however,
20  Plaintiff maintains that "Concord Village is the owner and Dunlap & Magee is the agent."
21  (Dkt. 34 at p. 1.) For the reasons that follow, the Court finds that Plaintiff's failure to name
22  Dunlap & Magee as a defendant warrants dismissal of this action.

23  The Court must accept as true all well-pleaded factual allegations in Plaintiff's
24  Amended Complaint, and must draw all reasonable inferences in Plaintiff's favor. *Paiute-*
25  *Shoshone Indians of the Bishop Cmty. v. City of L.A.*, 637 F.3d 993, 996 n.1 (9th Cir. 2011);
26  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Under, Rule 12(b)(6), the
27  plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Bell*
28  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 12(b)(7), the Court may

1 dismiss an action for failure to join a party under Rule 19. An entity is a required party to an action under Rule 19 if "the court cannot accord complete relief among existing parties" in the absence of that entity. Fed. R. Civ. P. 19(a)(1)(A).

Plaintiff's response to the Renewed Motion to Dismiss, and repeated refusal to add Dunlap & Magee as a party to this action, is based on the faulty premise that Dunlap & Magee is Defendant's agent, and, therefore, Defendant is vicariously liable for Dunlap & Magee's allegedly discriminatory hiring decisions. Plaintiff does not cite any legal authority for his assertion that Defendant is responsible for the alleged discriminatory conduct of Dunlap & Magee. Further, Plaintiff does address Defendant's arguments that pursuant to both the law of agency and the Property Management Agreement, Defendant is not responsible for the hiring decisions of Dunlap & Magee.

The Supreme Court has instructed courts to "rely on the general common law of agency, rather than on the law of any particular State, to give meaning to [Title VII]." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754–55 (1998) (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989)). According to the common law of agency, while masters are generally liable for the conduct of their servants, *see* Restatement (Second) of Agency § 2(2) (1958), the general rule with respect to independent contractors is that the employer of an independent contractor not liable for injuries caused by the independent contractor, *see id.* § 2(3).

The Property Management Agreement, dated October 1, 2007, and entered into by Defendant as "Owner" and Dunlap & Magee as "Agent" provides: "Agent understands and agrees that its relationship to Owner is that of independent contractor and that it will not represent to anyone that its relationship to Owner is other than that of independent contractor." (Dkt. 31-1, Ex. A at § 4.12.) The Property Management Agreement further addresses the specific issue of Dunlap & Magee employee liability:

> Agent shall interview, hire, pay, supervise and discharge the personnel necessary in order to properly maintain and operate the Development, including without limitation a property manager at the Development. Such personnel shall in no instance be deemed employees of Owner, and Owner shall have no right to supervise or direct such personnel. Board of Directors

- 4 -

> has authority to discuss with Agent priorities, goals, deficiencies of personnel to address and meet the needs of the Owner.

(*Id.* § 3.2.)  The Property Management Agreement clearly establishes that:  (1) Dunlap & Magee is an independent contractor; and (2) Defendant is not responsible for hiring and supervising Dunlap & Magee personnel.

Even though the assistant maintenance technician would be performing work at the Concord Village apartments, the employee would be an employee of Dunlap & Magee, who has a contract with Defendant to provide property management services.  The property management relationship between Defendant and Dunlap & Magee does not result in vicarious liability for the employment decisions of Dunlap & Magee.  Plaintiff has not offered any facts or evidence to counter Defendant's reliance on the form of relationship and responsibilities dictated by the Property Management Agreement.  Further, the Amended Complaint offers no theory of vicarious liability, other than to refer to Dunlap & Magee as Defendant's agent.  The Amended Complaint contains allegations regarding purported actions of Dunlap & Magee's employees (dkt. 16 at p. 3), and allegations regarding the application, interview and testing procedure employed by Dunlap & Magee (*id.* at pp. 4–5).  Plaintiff does not allege that Defendant directly engaged in any discriminatory conduct.

There is no record or basis for believing that Defendant had the right to control the employment activities of Dunlap & Magee.  Therefore, there is no ground for asserting a claim of discrimination against Defendant absent evidence of a duty on Defendant to ensure that Dunlap & Magee did not unlawfully discriminate while hiring an assistant maintenance technician.  *See Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 395 (1982) (holding that a cause of action based on 42 U.S.C. § 1981 requires proof of intent to discriminate, that employers cannot be held vicariously liable for the discrimination practiced by a local union, and that § 1981 does not impose a "nondelegable duty" on employers to insure that there is no discrimination in the local union's selection of the work force).

Finally, even if Plaintiff had been confused as to which entity was the employer of the assistant maintenance technician when Plaintiff originally filed the EEOC charge, Defendant

- 5 -

and Dunlap & Magee repeatedly attempted to correct Plaintiff's understanding of the employment relationship. For the reasons set forth above, the Court finds that Plaintiff failed to allege a discrimination claim against Defendant relating to the actions of Dunlap & Magee, and Plaintiff failed to join Dunlap & Magee as a party to this action, despite notice and opportunity to do so. Therefore, the Court will dismiss this action.

### B. Plaintiff's Motion to Amend the Amended Complaint

In his response to the Renewed Motion to Dismiss, Plaintiff moves for leave to amend the Amended Complaint to add Dunlap & Magee as a co-defendant. (Dkt. 34 at p. 3.) Plaintiff acknowledges that Defendant has previously requested Plaintiff name Dunlap & Magee as a defendant in this action, but contends that he failed to add the party due to the overwhelming stress of this litigation. However, Plaintiff continues to argue that Defendant is responsible for the alleged discriminatory acts of Dunlap & Magee. (*Id.*) Defendant opposes Plaintiff's Motion to Amend on two grounds. (Dkt. 35.) First, Defendant argues that the Motion to Amend is untimely, and second, Defendant argues that because Plaintiff failed to timely file an EEOC charge against Dunlap & Magee, Plaintiff cannot maintain an action against Dunlap & Magee. (*Id.* at p. 1.) Due to the inexcusable untimeliness of Plaintiff's motion, the Court will deny Plaintiff's request for leave to amend.

Under Rule 15(a), a party may amend its complaint "once as a matter of course." Fed. R. Civ. P. 15(a). Thereafter, a party may amend only by leave of the court or by written consent of the adverse party. *Id.* 15(a)(2). Rule 15(a) instructs that "the court should freely give leave when justice so requires." *Id.* However, the liberality in granting leave to amend is subject to several limitations. "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* (citation omitted). Even pro se litigants must comply with the Federal Rules of Civil Procedure. *See King v. Atiyeh*, 814

- 6 -

F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates").

Defendant appears to contend that Plaintiff's proposed amendment would be futile. Plaintiff seeks to add Dunlap & Magee as a co-defendant; however, Plaintiff did not file an EEOC charge against Dunlap & Magee. Pursuant to Title VII of the Civil Rights Act of 1964, a plaintiff must first file an EEOC complaint within 300 days[1] of the alleged discriminatory conduct before the plaintiff can file a Title VII suit in federal court. 42 U.S.C. § 2000e-5; *see Stache v. Int'l Union of Bricklayers & Allied Craftsmen*, 852 F.2d 1231, 1233 (9th Cir. 1988). Specifically, Title VII provides that:

> A charge under this section shall be filed within [300] days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) *shall be served upon the person against whom such charge is made* within ten days thereafter.

42 U.S.C. § 2000e-5(e)(1) (emphasis added). The general rule is that a Title VII claimant may sue only those named in the EEOC charge, because only those named had an opportunity to respond to charges during the administrative proceeding. *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990). However, "where the EEOC or defendants themselves 'should have anticipated' that the claim would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." *Id.* at 1459 (quoting *Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982)).

An EEOC charge has not been served on Dunlap & Magee, and the alleged unlawful employment action occurred in November 2009, which exceeds the 300 day period in which Plaintiff can file a timely an EEOC charge. Defendant argues that if Plaintiff amended the

---

[1] Because Arizona has a state agency, the Arizona Civil Rights Division, to enforce a law prohibiting employment discrimination, the 300-day limit, as opposed to the 180-day limit, in Title VII applies. *See* 42 U.S.C. § 2000e-5(e)(1).

- 7 -

1  Amended Complaint to name Dunlap & Magee as a co-defendant, then that this action would
2  be subject to dismissal for Plaintiff's failure to exhaust his administrative remedies against
3  Dunlap & Magee. Plaintiff did not file a reply in support of the Motion to Amend, and,
4  therefore, has not addressed Defendant's arguments. However, the Court finds that Dunlap
5  & Magee should have anticipated that it would be named in Plaintiff's suit, and, in fact,
6  Dunlap & Magee filed an answer to the Amended Complaint (dkt. 17).

7  However, even if the Court were to allow the addition of Dunlap & Magee as a co-
8  defendant, Plaintiff's amendment is inexcusably tardy. Plaintiff previously amended the
9  original complaint, but failed to name Dunlap & Magee as a defendant, despite prior notice
10 from Defendant that Dunlap & Magee was the prospective employer and the proper party to
11 this action. During the Rule 16 scheduling conference on April 11, 2011, and in the
12 proposed joint case management plan, Defendant again informed Plaintiff that Dunlap &
13 Magee was the proper defendant and a necessary party to this action. Pursuant to the Rule
14 16 Scheduling Order, the Court ordered that any motion to amend the complaint must be filed
15 no later than April 29, 2011. (Dkt. 23 at p. 2.) Plaintiff did not seek leave to amend the
16 Amended Complaint prior to the April 29 deadline.

17 Plaintiff's Motion to Amend, filed on August 3, 2011, is indisputably untimely, and
18 Plaintiff's only explanation for this delay is that Plaintiff was suffering from overwhelming
19 stress from this litigation. (Dkt. 34 at p. 3.) However, a pro se litigant proceeds with
20 knowledge of the risk of litigating without legal representation. *Jacobsen v. Filler*, 790 F.2d
21 1362, 1365 n.5 (9th Cir. 1986). The Court will not excuse Plaintiff's unnecessary delay in
22 seeking leave to amend, and, therefore, will deny Plaintiff's request for leave to amend the
23 Amended Complaint.

24 **III.  CONCLUSION**

25 For the reasons set forth above, Defendant cannot be held responsible for the
26 discriminatory acts allegedly committed by Dunlap & Magee; therefore, dismissal of this
27 action is appropriate. The Court finds that Plaintiff had ample opportunity and notice to
28 amend this action to name Dunlap & Magee as a defendant, and yet Plaintiff failed to do so

1  in a timely manner. Accordingly,

2  **IT IS HEREBY ORDERED** that Defendant's Renewed Motion to Dismiss (Dkt. 31)
3  is **GRANTED**. The Clerk of the Court shall dismiss this action in its entirety with prejudice.

4  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Amended Complaint
5  (Dkt. 34) is **DENIED** as untimely.

6  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Complaint (Dkt.
7  32) is **DENIED** as moot.

8  DATED this 19th day of August, 2011.

James A. Teilborg
United States District Judge